UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WILSON,

    Plaintiff/Counter-Defendant,

                                                       Case No. 07-12100

v.

                                                       Hon. John Corbett O'Meara

GROUP FIVE MANAGEMENT,

    Defendant/Counter-Plaintiff.

_____/

## ORDER GRANTING COUNTER-PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

Before the court is Counter-Plaintiff Group Five Management's ("GFM") motion for default judgment, filed July 23, 2007. Rather than respond to GFM's motion, Counter-Defendant Anthony Wilson submitted an untimely answer to GFM's counterclaim. Wilson thereafter filed an emergency motion for leave to appear at the hearing via telephone. The court denied Wilson's motion and ordered him to submit a written response to GFM's motion for default judgment. Wilson filed a response brief on September 28, 2007. GFM submitted a reply brief on October 5, 2007. Pursuant to LR 7.1(e)(2), the court will decide this matter on the briefs and without oral argument.

## BACKGROUND FACTS

Wilson filed his complaint on May 15, 2007, alleging that GFM discriminated against him on the basis of his race by failing to hire him. Wilson alleges that he applied and was qualified for a leasing agent position with GFM. According to Wilson, he was qualified for the position because of his law and accounting degrees. See Complaint at ¶ 9. Wilson is an attorney

licensed by the State of Texas.

Wilson previously filed a complaint in Genesee County Circuit Court against GFM based upon the same race discrimination allegations. While investigating those allegations, GFM discovered that Wilson has filed at least 25 similar lawsuits in three different states. See Def.'s Ex. 3. According to GFM, "Wilson's modus operandi is to apply for non-professional positions for which he is overqualified and then file suit against the unsuspecting potential employer alleging failure to hire based on race." Motion at 3. As a result of its findings, GFM filed a motion in state court requesting an order requiring Wilson to post bond as security for costs incurred by it in responding to Wilson's claims. See M.C.R. 2.109(A). GFM supported its motion with evidence that Wilson is a "serial litigator" based upon his history of suits against employers.[1]

On March 5, 2007, the Genesee County Circuit Court granted GFM's motion and entered an order requiring Wilson to post bond in the amount of $15,000 on or before April 3, 2007. Wilson did not post bond, but filed a motion for relief from the order. Wilson did not appear for oral argument on his motion, which was denied by the court on March 19, 2007. On March 20, 2007, Wilson filed a second motion for relief from order, which was denied. During oral argument, the court granted Wilson's request to voluntarily dismiss his claims against GFM.

Subsequently, in an apparent attempt to circumvent the court's bond requirement, Wilson

---

[1] Wilson has also filed twelve suits in this court alone, ten within the past two years. Many of these suits involve allegations of race discrimination; most have been dismissed. On two occasions, judges of this court have sanctioned Wilson. See E.D. Mich. Case Nos. 97-70519; 97-71789; 05-74083 (Chief Judge Friedman sanctioned Wilson in the amount of $19,182.50); 05-40361 (Judge Gadola sanctioned Wilson in the amount of $4,924); 06-11323; 06-11815; 06-13113; 06-13111; 06-13141; 07-11827 (removed from state court); 07-14657; and 07-14663.

filed another complaint in Genesee County Circuit Court against GFM's president, Michael Tobin, alleging the same discrimination claim he had raised in the state case against GFM. Again, Tobin filed a motion for an order requiring Wilson to post bond. The court granted the motion on May 14, 2007, requiring Wilson to post bond in the amount of $20,000 by June 11, 2007. Wilson filed this federal action based upon the same set of facts one day later. Wilson also filed a state court claim of appeal on May 30, 2007. Wilson's appeal was dismissed for lack of jurisdiction.

In the state court action, Tobin filed a counterclaim, alleging abuse of process. Wilson failed to file a timely answer to the counterclaim, which was due July 9, 2007. As a result, the Genesee County Circuit Court entered a default judgment against Wilson on the abuse of process claim in the amount of $20,000. The court also dismissed Wilson's claims against Tobin with prejudice. Despite the fact that he did not respond to the motion for default or appear at oral argument, Wilson has apparently appealed the state court order.

In this action, GFM also filed a counterclaim alleging abuse of process. Wilson failed to timely respond and GFM now seeks the entry of a default judgment. In his response to GFM's motion, Wilson provides no explanation for his failure to timely respond to the counterclaim. Nor does he dispute GFM's recitation of the facts regarding the two cases he previously filed in Genesee County Circuit Court. Rather, Wilson argues that a default judgment should not be entered because he has a meritorious race discrimination claim against GFM.

## LAW AND ANALYSIS

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default, and if a judgment by default has been entered, may

likewise set it aside in accordance with Rule 60(b)." When a defendant seeks relief from an entry of default, the court considers three equitable factors to determine if "good cause" has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006).

The court finds that Wilson has not shown good cause. Wilson has provided no explanation whatsoever for failing to timely respond to GFM's counterclaim. Wilson has also not even attempted to establish that he has a meritorious defense to GFM's abuse of process claim. See Friedman v. Dozore, 312 Mich. 1, 30 (1981) (elements of abuse of process claim are "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceedings"). It is apparent to the court that Wilson has filed this suit in federal court in order to circumvent the state court's requirement that he post bond.

In addition, Wilson's race discrimination claim lacks merit on its face. Wilson has utterly failed to plead any facts suggesting the reason he was not hired was a mere pretext for race discrimination. See Kline v. Tenn. Valley Auth., 128 F.3d 337, 346-47 (6th Cir. 1997). Wilson's response to GFM's motion is similarly devoid of factual support. All of these facts and circumstances suggest that Wilson has no meritorious defense to GFM's abuse of process claim.

In light of these findings and Wilson's history of filing multiple suits based upon the facts of this case, the court finds that GFM will be prejudiced if a default judgment is not entered. Because Wilson has failed to demonstrate good cause, the court will not set aside the entry of default.

Accordingly, IT IS HEREBY ORDERED that Counter-Plaintiff GFM's July 23, 2007

motion for default judgment is GRANTED. A default judgment will be entered in favor of GFM on its counterclaim.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: November 28, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 30, 2007, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager